NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM SZCZACHOR, et al., | |
| Plaintiffs, | Civil Action No. 13-395 (SRC) |
| v. | OPINION |
| ALL GRANITE & MARBLE CORP., et al., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Plaintiffs Adam Szczachor, Andrezej Szczachor and Tomasz Szczachor ("Plaintiffs") for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Defendants All Granite & Marble Corp. ("All Granite"), Teresa Wojtach and Richey Wojtach (collectively, "Defendants") have opposed the motion, and together with their opposition, filed a "cross motion" to dismiss Counts 1 and 4 of the Complaint. The Court has considered the papers filed by the parties. For the reasons that follow, the motion to dismiss will be granted, and the motion for leave to file an Amended Complaint will also be granted.

### I.    Background

      This is an action to recover allegedly unpaid regular and overtime wages. Plaintiffs are former employees of Defendant All Granite & Marble Corp., which, according to the Complaint,

1

was at all relevant times owned and/or operated by individual Defendants Teresa Wojtach and Richey Wojtach.  The Complaint identifies All Granite as a corporation is "engaged in the provision of goods and services relating to the fabrication and installation of granite counter tops and other natural stone surfaces in residential and commercial buildings in New Jersey, Pennsylvania, Connecticut and New York" and avers that it employs approximately 200 workers. (Compl. ¶¶ 3, 15)  Plaintiffs allege that Defendants engaged in illegal wage and hour practices and failed to pay them, and other similarly situated employees of All Granite, proper wage rates, including overtime wages.  Named Plaintiffs Adam Szczachor, Andrezej Szczachor and Tomasz Szczachor filed this lawsuit on January 21, 2013 as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and as a putative class action to recover for alleged violations of the New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a, et seq., as well as an alleged breach of contract and for relief under the equitable theory of quantum meruit.

The Amended Scheduling Order entered by the Court on April 29, 2014 set a deadline of August 15, 2014 for moving for leave to add parties to the action and otherwise amending the Complaint.  On August 15, 2014, Plaintiffs filed an Amended Complaint adding one named Plaintiff, Andriy Vepryk ("Vepryk"), a template mason employed by Defendants from September 2006 to December 2012, as well as factual allegations relating to his specific claim of unpaid wages.  Defendants promptly wrote to the Court to protest that the Amended Complaint had been filed without first seeking leave of Court, as required by both Federal Rule of Civil Procedure 15(a) and the Scheduling Order itself.  Defendants also asserted that Plaintiffs' unilateral action was also an effective and impermissible modification of the Scheduling Order, in violation of Federal Rule of Civil Procedure 16(b)(4), which requires a party to obtain the Court's permission to modify deadlines upon a showing of good cause.  Addressing this

situation, the Court entered an order on August 27, 2014 directing the Plaintiffs to withdraw the Amended Complaint filed on August 15, 2014 and "refile it accompanied by the appropriate motion." On September 8, 2014, Plaintiffs filed the instant motion to amend, pursuant to Rule 15(a).

Defendants have opposed the motion to amend, and further, have filed their own motion for an order dismissing the breach of contract and quantum meruit claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address the motion to dismiss first.

## II.  Defendants' Motion To Dismiss Counts One and Four of the Complaint

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

3

Under this standard, Plaintiffs' common law claims must be dismissed. The claims for breach of contract and quantum meruit are based on the same factual allegations as the FLSA claim, that is, Defendants' alleged failure to pay proper regular and overtime wages to the Plaintiffs. The claims seek exactly the same relief sought for Defendants' alleged FLSA violations. They are in substance duplicative of the FLSA claim. The Third Circuit has indicated that a plaintiff should not be permitted "to use state non-labor laws to enforce the substantive provisions of FLSA." Knepper v. Rite Aid Corp., 675 F.3d 249, 263 (3d Cir. 2012). In Knepper, an FLSA action which also involved state law wage and hour claims, the Third Circuit rejected the defendant's argument that the FLSA preempted claims based on parallel state *statutory* wage and overtime laws. Id. In reaching this holding, it discussed a Fourth Circuit decision which held that plaintiffs' claims under North Carolina common law theories, namely contract, negligence and fraud, were preempted by the FLSA. Id. (citing Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007). The Third Circuit noted that, while the Anderson case before the Fourth Circuit was distinguishable from the Knepper case, the Fourth Circuit's decision in Anderson was sensible. Id. Though this observation was not critical to the Knepper holding, it provides this Court with on-point guidance regarding the viability of state common law claims which simply seek to enforce the same rights and remedies available under the FLSA. See, e.g., Gutwirth v. Woodford Cedar Run Wildlife Refuge, --- F. Supp. 2d ---, 2014 WL 3974166, at *4 (Aug. 12, 2014) (relying on Knepper to hold that the FLSA preempted the plaintiff's proposed claims for breach of contract and unjust enrichment and therefore denying her motion to amend the complaint on grounds of futility). Moreover, this Court notes that other decisions issued by the District of New Jersey have dismissed state common law claims as preempted where those claims stemmed from the same alleged minimum wage and overtime

4

violations underlying the FLSA claims. See, e.g., Kelly v. Borough of Union Beach, Civil No. 10-4124 (AET), 2011 WL 551170, at *2 (D.N.J. Feb. 8, 2011) (so holding and noting that while the Third Circuit had not addressed the issue, "most other district courts have similarly held that a plaintiff's common law claims are preempted by FLSA where the common law claims are duplicative of or based on the same facts as the plaintiff's FLSA claim."). Following the guidance of Knepper, this Court concludes that Plaintiffs' breach of contract and quantum meruit claims fail to state a claim upon which relief may be granted and must, therefore, be dismissed under Rule 12(b)(6).

### III.     Plaintiffs' Motion for Leave To File an Amended Complaint

Turning, then, to Plaintiffs' motion to amend the Complaint, the Court finds that leave to amend is warranted. The governing standard under Rule 15(a) provides that [t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). That standard has been met here. The proposed Amended Complaint seeks to add one plaintiff, who, like the other Plaintiffs, is a former employee of All Granite, and like the other plaintiffs, claims he was underpaid in violation of the FLSA and New Jersey's Wage and Hour Law.

Defendants' two arguments in opposition to the motion to amend are unavailing. They base these arguments on the well-established Third Circuit law that a motion to amend may be denied "on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). First, their argument that the motion is impermissible and untimely under Rule 16 and the governing Scheduling Order is, in fact, moot. While Defendants assert that the instant attempt to amend the Complaint violates Rule 16 because Plaintiffs filed their motion after the expiration of the time period set by the Court's Scheduling Order, without first asking the Court to enlarge the time, the Court in fact entered an Order, dated August 27,

2014, expressly permitting the Plaintiff to move for leave to file the Amended Complaint at issue in this motion.  The Court's action was taken, as the record reflects, in response to Plaintiffs' timely, albeit procedurally improper effort to file an Amended Complaint by the August 15, 2014 deadline set by the Scheduling Order.  The Court's August 27, 2014 Order addressed both the procedural error committed by Plaintiffs and the need to modify the Scheduling Order's deadline to allow this motion to proceed.  Plaintiffs promptly filed the instant motion for leave to amend less than two weeks after the Court's Order.  Second, Defendants' argument that they will be prejudiced by their "undue delay" in seeking to add a party plaintiff is undermined by the Court's Scheduling Order of August 29, 2014, which expressly contemplated that motions to amend may be filed as late as August 15, 2014 (later modified as discussed above) and put the parties on notice of this date.  The addition of Vepryk as a named plaintiff, moreover, does not alter or broaden this action in any significant way.  The new factual allegations accompanying his addition concern the specific circumstances of Vepryk's work hours and alleged unpaid wages and arise from the same alleged misconduct by Defendants at issue since this action was initiated.  Moreover, this action was filed as a putative collection action and class action, on behalf of other individuals similarly situated to the original named Plaintiffs.  Naming an additional former employee of Defendants who similarly claims he was underpaid wages for the work he performed does not prejudice Defendants.  Insofar as Defendants believe they cannot accomplish the additional discovery required as to Vepryk's claims by the December 30, 2014 discovery deadline currently in place, Defendants may apply to the Magistrate Judge for a reasonable extension to complete document production related to Vepryk and take his deposition.

### IV.  Conclusion

For the foregoing reasons, the Court will grant the motion to dismiss Plaintiffs' breach of contract and <u>quantum</u> <u>meruit</u> claims.  It will also grant Plaintiffs' motion for leave to file an Amended Complaint.  The proposed Amended Complaint submitted with Plaintiffs' motion, modified to excise the claims that have been dismissed, shall be filed by Plaintiffs by the deadline set in the accompanying Order.

<u>    s/ Stanley R. Chesler    </u>
STANLEY R. CHESLER
United States District Judge

Dated:  December 19, 2014